UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　　v.<br><br>RICHARD ANTHONY MATLOCK,<br><br>　　　　　Defendant-Petitioner. | No. 1:17-cr-00006-NONE-SKO-1<br><br>ORDER NOTIFYING PETITIONER OF THE CONSEQUENCES OF MOTION MADE UNDER 28 U.S.C. § 2255 AND OPTIONS FOR PROCEEDING<br><br>(Doc. No. 32) |

　　　　On November 30, 2018, Richard Matlock ("petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence ("motion" or "petition") under 28 U.S.C. § 2255. (Doc No. 32.) Therein, petitioner raised one claim of ineffective assistance of trial counsel under the Sixth Amendment, though the single claim addressed many sub-claims. (*Id*. at 4.) Petitioner did not state facts or circumstances supporting his claim. Instead, petitioner filed what he described as a "skeleton form" and explained that his legal materials were purportedly lost during the evacuation of FCI Marianna that occurred as Hurricane Michael battered that facility in October 2018. (*Id*. at 14.) Due to the alleged loss of his legal materials and with "four short weeks" before his motion would be "time-barred," petitioner contends he was unable to file a completed § 2255 motion. (*Id*.) Petitioner requested an extension of time to "file new grounds" and "a memorandum updating" his motion, though by his own counting the

1

period to timely file under 28 U.S.C. § 2255(f) had not yet lapsed. (*Id.*) In his pending motion, petitioner also requested that the court order reporter's transcripts from all hearing dates be sent to him, as well as a copy of the docket in this case. Petitioner provided no legal argument or authority for his transcript request.

Petitioner has never filed an amendment to his motion, timely or otherwise. Presently, petitioner may elect to proceed from three available avenues: (1) he may move forward with his § 2255 motion as originally filed, and the court will rule on that motion; (2) he may amend his motion because no ruling has yet been entered, although in doing so petitioner will need to consider the "relation back" doctrine described in greater detail below; or (3) he may withdraw his motion, file a new motion containing all claims he wishes to assert, and argue in his new motion for application of equitable tolling of the applicable statute of limitations, also described in greater detail below, without guarantee that he will prevail on that argument.

The court cautions petitioner of the potential consequences of his choices. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). A § 2255 petitioner must present all grounds that the petitioner believes he or she has in one motion, because once the court rules on that motion, a second motion may only be filed with the permission of the appropriate appellate court.[1] Any

---

[1] The relevant statutes in this regard are 28 U.S.C. §§ 2244(a) and 2255(h). 28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the

subsequent § 2255 motion petitioner might file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act.

Under Federal Rule of Civil Procedure 15(a), a petitioner may amend his or her petition once as a matter of course. The Ninth Circuit has held that "when a *pro se* petitioner files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." *Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016). However, amendment of a petition generally will not be permitted if the one-year statute of limitations has run. *Perez-Serrano v. United States*, No. CR F 02-5190 AWI, 2007 WL 1834880, at *2 (E.D. Cal. June 26, 2007). Amendments that "relate[ ] back to the date of the original pleading," arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," will be permitted. Fed. R. Civ. P. 15(c)(1). An amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

"[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008) (omitting footnote). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling [ ] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotations and citation omitted). Although "[w]hat reasonable diligence . . . look[s] like . . . varies based on the

---

> evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

specifics of the case," courts are required to evaluate a petitioner's diligence "before, during, and after the extraordinary circumstance existed before granting relief…." *Smith v. Davis*, 953 F.3d 582, 589, 601 (9th Cir. 2020).

With these warnings given, the court turns to petitioner's request for transcripts. A petitioner's request for free transcripts is governed by 28 U.S.C. § 753(f), which provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed *in forma pauperis*. *United States v. Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). Section 753(f) further provides that fees for transcripts in § 2255 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and "if the trial judge . . . certifies" that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

By petitioner's own admission, his petition is currently a "skeleton form." (Doc No. 32 at 14.) Its contents, completely devoid of facts, do not support a finding that it is non-frivolous. Further, while petitioner vaguely contends that his "legal work and draft grounds for his 2255" were lost during an evacuation, there is no evidence that petitioner was in possession of his transcripts as he performed the work that was allegedly lost, and he has not stated how the requested transcripts are necessary to deciding the issues presented in his petition. Petitioner's request for transcripts from all hearings in this matter will therefore be denied without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that petitioner shall have until **September 25, 2020**, (1) to file notice with the court whether he is electing:  to proceed on his November 30, 2018, motion; **or** (2) to amend his motion to the extent permitted under the law; **or** (3) to withdraw the pending § 2255 motion.  If petitioner fails to respond to this order, the court will set a formal briefing schedule and proceed to rule upon the motion as it currently stands.

**IT IS FURTHER ORDERED** that petitioner's request for hearing transcripts is **DENIED** without prejudice, and his request for a copy of the docket sheet in this case is **GRANTED.** The Clerk of the Court is directed to send a copy of the docket sheet to petitioner.

To the extent petitioner's request for an extension of time should have been denied because the relief requested was not available, the request has now been rendered **MOOT** by this order and that motion is terminated.

IT IS SO ORDERED.

Dated:   **July 29, 2020**                                    /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE