UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br>  v.<br><br>RICHARD ANTHONY MATLOCK,<br><br>  Defendant-Petitioner. | No.  1:17-cr-00006-NONE-SKO-1<br><br>ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. No. 41) |

The United States moves for a finding that petitioner Richard Anthony Matlock, as a result of his pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 32), has waived the attorney-client privilege and the work product privilege and that the government is therefore entitled to compelled discovery of responsive attorney-client communications and work product. (Doc. No. 41.)  Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of his § 2255 motion that allege ineffective assistance of counsel, the government's request is GRANTED IN PART and DENIED IN PART as follows:

(1) The attorney-client privilege of petitioner Richard Anthony Matlock is waived with respect to all communications between petitioner Richard Matlock and his former attorney, Barbara Hope O'Neill, including Attorney O'Neill's staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel in petitioner's § 2255 motion in *United States v. Richard Anthony Matlock*, No. 1:17-cr-00006 NONE SKO (E.D. Cal.).

1

(2) The work product privilege is waived with respect to the work product of Attorney O'Neill, concerning events and facts related to petitioner's claims of ineffective assistance of counsel presented in his pending § 2255 motion.

(3) Attorney O'Neill, and her staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) To the extent the government's request is broader than this order, including its request for production of "all communications" between Attorney O'Neill and petitioner "concerning events and facts related to petitioner's claims of ineffective assistance of counsel in his § 2255 motion," the government's request is DENIED WITHOUT PREJUDICE, subject to renewal by motion providing further information as to the specific necessity of the production of such documents.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, if in light of the above finding of the waiver of these privileges petitioner wishes to change his decision as to whether he wishes to proceed with his pending § 2255 motion asserting an ineffective assistance of counsel claim, he must notify this court within **twenty-one (21) days** of the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion. Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the alternative portion of this order finding petitioner's waiver of the attorney client and work product privileges.

IT IS SO ORDERED.

Dated: __**March 15, 2021**__   _____
UNITED STATES DISTRICT JUDGE

2