UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ANTHONY MATLOCK,<br><br>Defendant. | Case No.  1:17-CR-00006-JLT-SKO<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. 32) |

**INTRODUCTION**

Movant Richard Anthony Matlock is a federal prisoner moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). (Doc. 32.) The government opposes this motion. (Doc. 48.) For the reasons explained below, Movant's motion will be denied.

**BACKGROUND**

Movant was first convicted for possession of child pornography in California state court in 2015. (*See* Doc. 1.) He was still on probation for that conviction in January 2017 when he was indicted on two additional felony counts, including receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (*Id*.) Movant pled guilty to receipt and distribution of child pornography on September 18, 2017. (Docs. 20 and 46.) He was subsequently sentenced to the mandatory

1

minimum term of imprisonment, which was fifteen years. (Doc. 47 at 4:21.) In his plea agreement, Movant agreed "not to contest his plea, conviction . . . or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." (Doc. 19 at 3:15–17.)

Movant filed the instant motion on November 30, 2018. (Doc. 32.) Therein, Movant argued that his sentence should be vacated, set aside, or corrected on the basis that his counsel was ineffective for, among other things, failing to adequately investigate viable defenses and the evidence against Movant. Movant does not argue that his plea, or his waiver of appeals, was not properly knowing or voluntary.

Neither Movant's motion nor its attachment contained any detail about his claims aside from a basic, conclusory description. Movant asserted that he would amend his filing with additional information at a later date, because the initial filing was merely a "skeleton form" because Movant's legal materials were purportedly lost when FCI Marianna evacuated as Hurricane Michael battered the facility in October 2018. (Doc. 36 at 14.) Movant failed to file any additional documents between September 18, 2017 and July 30, 2020, when this Court warned Movant that his motion may be deemed frivolous for being "completely devoid of facts". (Doc. 36 at 1, 4.) The Court set a briefing schedule after Movant failed to respond. (Doc. 40.) To date, Movant has not filed a reply or otherwise communicated with the Court.

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . . there has been . . .a denial or infringement of the constitutional rights of the prisoner . . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or

influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

As a *pro se* litigant, Movant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

## ANALYSIS

To establish that his attorney provided ineffective assistance of counsel, Movant must show that his attorney's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel.") Movant claims that he received ineffective assistance because his counsel:

> fail[ed] to adequately investigate the search & seizure, the sufficiency of evidence, the indictment and grand jury process, plea agreements, viable defenses, venue, pretrial procedure, conflicts, guilty pleas, timely prosecution, entrapment, interstate commerce, sentencing guidelines, statutory law, acceptance, criminal history,

3

presentence report, supervised release, and final sentence.

(Doc. 32 at 4.)

This quote is the only information that Movant provides about his claim.  Such vague and conclusory statements are insufficient to establish ineffective assistance of counsel claim. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (finding that petitioner's "cursory and vague [ineffective assistance of counsel claim] cannot support habeas relief.")  Further, Movant's filing does not even cursorily allege what prejudice he suffered by counsel's supposedly ineffective assistance.  Movant represented to this Court that he would provide more detail in a subsequent filing, but he did not do so, despite ample opportunity.

Because Movant has demonstrated neither element of ineffective assistance, his motion has no merit.

**CONCLUSION**

For the reasons stated above, Movant Richard Matlock's § 2255 motion (Doc. 32) is DENIED.

IT IS SO ORDERED.

Dated:  **February 2, 2022**                              _____
UNITED STATES DISTRICT JUDGE